[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 37, and the defendant husband, 38, married on July 5, 1986 at Darien, Connecticut. The plaintiff has been residing continuously in this state for over a year prior to initiating this action for dissolution by summons served on the defendant on January 27, 1995, return date February 14, 1995, thereby satisfying the jurisdiction requirement. There are three children, issue of the marriage: Sarah Beth, d.o.b. November 2, 1988, Clare Grace, d.o.b. December 18, 1991, Paige Kennelly, CT Page 6655 d.o.b. April 19, 1993. The parties have reached a written stipulation as to custody and visitation (133) which the court will incorporate in the judgment.
After the marriage the parties lived in California until September, 1990. They sold their California home and purchased a home in Darien which was refinanced in 1993 to pay two car loans. The current mortgage installment for principal, interest, taxes and insurance is $1,749.
The plaintiff completed one semester at Norwalk Community College taking electrical engineering courses in early 1991 but was unable to continue when she was pregnant with their second child. She has two years of college as does the defendant. The plaintiff's health is affected by her bi-polar depression for which she takes Prozac and another prescription. She was hospitalized in 1994. She returned to work in September, 1996 and has continued employment since then as a secretary earning $38,100 annually at the present time. After taxes are deducted, she lists $521 net weekly salary. Her employer allows her to maintain flexible hours, enabling her to work from 30 to 40 hours weekly. In order to do this she employs a child care employee, Rosa who is paid $289 weekly and for whom the plaintiff pays worker's compensation insurance and unemployment insurance. The defendant cites IRS Publication 15, Circular E in an attempt to impeach the plaintiff's accounting, but a more appropriate reference is the booklet "IRS 1997 Forms and Instructions for Household Employers" containing Schedule H, and the 1998 version, Publication 926. The court is satisfied that the plaintiff has not misrepresented her taxes. The plaintiff's W-2 for 1997 listed gross wages of $40,434.63 (Defendant's Exhibit F).
The defendant, for the past 13 years, has been engaged in sales and marketing. He is currently sales manager for EMC Test Systems in Austin, Texas, earning a salary of $1,615 weekly gross and, after taxes and a life insurance premium of $5.60, a net weekly of $1,161. His employer furnishes an automobile with unrestricted use, a fringe to which the defendant assigned no value but which the court recognizes has value of unknown quantity since his only cost is $20 weekly for "gas/oil". His employer also pays his entire telephone and electric bill. He is also covered by group life insurance for an amount equal to his salary which "4 Assets F Insurance" lists as $142,811.76. He carries the health insurance for the family. The defendant has a prescription for an attention deficit disorder but there was no CT Page 6656 evidence it hampered his employment in any way. The court has concluded that the defendant has the greater earning capacity and therefore, a greater ability to acquire assets in the future.
The parties' final separation occurred on or about March 31, 1995 when the defendant vacated the marital home. He has been paying $600 weekly unallocated alimony and support pursuant to a pendente order.
Both parties value the marital home at 37 Hoyt Street, Darien, which is jointly owned, at $275,000 fair market value. It is subject to a mortgage balance of approximately $176,000. The plaintiff and the children have continued to occupy the premises. The plaintiff has continued to pay the mortgage and to maintain the property.
The plaintiff's other assets consist of an IRA $11,500, a 1994 Taurus auto $8,000, personal property and furnishings totaling $4,500 and a $37,000 life insurance policy with no cash value. Her bank accounts are minimal.
The defendant's other assets, as he lists them, are a 1985 Honda $1,250, household furniture $15,000, a piano $2,500, bank accounts totaling $15,833, IRA and deferred compensation totaling $11,709, a vested pension obtained while employed by Bairco Corp., a former employer, which will pay $560 monthly at age 65 for which no present value is assigned and life insurance with no cash value totaling $916,000.
The defendant traveled extensively during the marriage. For a protracted period of time he was obliged to live in New Hampshire during the week in order to allow him to work from his employer's Boston office. The plaintiff's mood swings and her complaints, particularly in the time immediately prior to separation, also eroded the marriage. The court reviews these circumstances and concludes that both parties contributed to the causes for the breakdown. Both parties engaged in self help in taking cash for use during the pending of this action, but the application of the funds for debts, household expenses and attorneys' fees account for the use each party made of the funds. The plaintiff's withdrawal of the $10,393 CD (Defendant's Exhibit C) and her use of the 1995 tax refund of $6,642 will be left undisturbed.
Having reviewed the evidence in light of the relevant statutes and case law, the court enters judgment dissolving the CT Page 6657 marriage on the ground of irretrievable breakdown and, as part thereof, the following orders.
1. The parties' stipulation is ordered as set out in their written stipulation on file (133) and appended hereto and incorporated herein by reference.
2. The defendant shall pay child support, in accordance with the Connecticut guidelines, of $405 weekly, first payment due seven days after this decision is filed. A contingent wage withholding order is entered.
3. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $200 weekly until the death of either party, the plaintiff's remarriage or further court order, the provisions of § 46b-86 also being applicable. The contingent wage withholding order includes this alimony order.
4. The real estate known as 37 Hoyt Street, Darien is ordered sold. The plaintiff is afforded 60 days to attempt to arrange a buy-out of the defendant's share for $30,000. If the plaintiff is unable to raise the funds, the property shall be listed for sale. Any details unable to be agreed upon may be the subject of a motion for articulation. Upon the sale, the net proceeds shall be divided one-third to the defendant and two-thirds to the plaintiff.
5. The contents of the home are awarded to the plaintiff as her sole property and two tables received from the plaintiff's grandmother now in the defendant's possession. The plaintiff shall return a table and clock received from the defendant's aunt.
6. The defendant shall continue to furnish the medical insurance for the children at his expense. The coverage shall allow the children access to doctors and care givers local to their home since an HMO located in another state would serve no purpose. The parties shall divide the uninsured deductibles and balances equally. Section 46b-84 (d) applies to this order. The defendant shall cooperate with the plaintiff in any effort she makes to continue her coverage pursuant to COBRA.
7. The defendant shall maintain life insurance insuring his life for $100,000 for the benefit of the plaintiff with annual reductions of $5,000 allowed in the face amount of coverage. CT Page 6658
The defendant shall furnish proof of the coverage to the plaintiff and proof of payment of premiums.
8. The defendant shall maintain life insurance insuring his life for $300,000 naming the children as primary beneficiaries. The policy shall be maintained until the duty to pay child support expires. This order contemplates the supervision of the Probate Court or court of like jurisdiction in administering the proceeds if need be. The defendant shall furnish the plaintiff proof of the insurance and proof of payment of premiums.
9. The plaintiff shall retain her bank accounts, her IRA and her auto.
10. The defendant shall retain his bank accounts, his brokerage account, his IRA and his Bairco Corp pension.
11. The bonus currently in escrow shall be paid to the plaintiff.
12. Any future federal or state tax refund shall be divided equally when received.
13. The defendant shall pay an allowance to prosecute of $10,000 to the plaintiff due on or before September 1, 1998.
Counsel for the plaintiff is directed to prepare the judgment file within 30 days.
HARRIGAN, J.